10 N.J. Super. 502 (1950)
77 A.2d 65
STATE OF NEW JERSEY, PLAINTIFF,
v.
LOUIS F. GUILLOTTE, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided December 7, 1950.
Mr. Richard J. Congleton, County Prosecutor (Mr. Edward Schoen, Jr., appearing), for the State.
Messrs. Rothbard, Harris & Oxfeld (Mr. Emil Oxfeld appearing), for the defendant.
*503 CONLON, J.C.C.
Defendant appeals from a conviction for violation of R.S. 2:202-7 in that he "did obstruct and interfere with persons lawfully being in and upon a public street, to wit Broad and Market Streets, Newark, N.J."
A trial de novo was had at which the only witnesses were the arresting officer for the State and the defendant for himself. The testimony warrants the finding beyond a reasonable doubt of the following facts:
On Saturday afternoon, October 7, 1950, at about 5:30 P.M., the defendant was observed by the police officer in about the middle of the intersecting sidewalks at the northeast corner of Market and Broad Streets in the City of Newark, distributing leaflets. The intersection both as to pedestrian and vehicular traffic was controlled by lights. There is a bus stop on the north side of Market Street at the intersection. There was heavy pedestrian travel in all directions at the corner. The defendant was moving about in order to distribute the leaflets to the extent that he was interfering with the already congested travel. A large quantity of the leaflets were lying on the sidewalk where they had been thrown by persons to whom the defendant had handed them. He was asked by the police officer to move to some other place and upon his refusal was arrested. These facts are sufficient to warrant a conclusion of a violation of the statute in question.
The defendant, besides denying that he unlawfully obstructed the area, insisted that he was arrested for distributing leaflets which seemed to be objectionable to the arresting officer. The right of a person to disseminate leaflets on the public streets is not involved. That right did not include the right unlawfully to obstruct and interfere with pedestrian travel on one of the busiest corners in the State at a time of day when congestion was at its peak.
The defendant is found guilty and sentence is suspended as it was in the Municipal Court. Costs of this appeal will be taxed.